**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUSSELL FRITZ, | No. 15-35629 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-05658-RSL |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted March 24, 2017[**]

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Russell Fritz appeals the district court's judgment affirming an

Administrative Law Judge's ("ALJ") decision denying his application for

Disability Insurance Benefits under Title II of the Social Security Act ("Act") and

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Supplemental Security Insurance under Title XVI. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order de novo, and may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014). We reverse and remand.

To the extent that the ALJ concluded Fritz's testimony was not credible based on the medical record, daily activities, criminal conviction, the opinion of consultative expert Dr. Pfeiffer, and Fritz's improvement with treatment, the ALJ failed to offer "specific, clear and convincing reasons" for finding Fritz not credible. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citations and internal quotation marks omitted). First, the ALJ did not identify what testimony was not credible and what evidence undermined Fritz's complaints. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("[P]roviding a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible." (emphasis omitted)). Second, Fritz's daily activities do not contradict his reports of disability, *see Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007), or demonstrate that he was "able to spend a substantial part of [his] day engaged in pursuits involving the performance of physical

functions that are transferable to a work setting," *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) (emphasis, citation, and internal quotation marks omitted). Third, the ALJ did not explain how Fritz's unrelated 21-year-old robbery conviction impacted his credibility. Fourth, the ALJ improperly discredited Fritz based on Dr. Pfeiffer's assessment because Dr. Pfeiffer's opinion was contradicted by his own observations and the medical record as a whole. Fifth, while improvement with treatment can support an adverse credibility finding if it conflicts with a claimant's testimony of a lack of improvement, *see Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999), the ALJ did not point to any testimony by Fritz that his degenerative disc disease had not improved.

Although the ALJ's reliance on Fritz's inconsistent statements regarding his headache provided one specific, clear and convincing reason for finding Fritz not fully credible, the ALJ's error was not harmless because this reason standing alone does not amount to substantial evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("[T]he relevant inquiry . . . is whether the ALJ's decision remains legally valid, despite such error.").

The ALJ also erred in rejecting the contradicted opinion of Fritz's treating neurologist, Dr. Olson, without providing "specific and legitimate reasons

supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal quotation marks omitted)). Dr. Olson's opinion was supported by his clinical observations, not solely by Fritz's subjective complaints, and we have already concluded that the ALJ erred in finding Fritz not credible. *Cf. Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." (citation and internal quotation marks omitted)).

Accordingly, we reverse and remand to the district court with instructions to remand for further administrative proceedings.

**REVERSED and REMANDED.**